UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHYLLIS J. ALLEY,

        Plaintiff,
v.	Case No. 8:10-cv-760-T-33TGW

LES CHATEAUX CONDOMINIUM
ASSOCIATION, INC., JUDY BRADY,
CHARLES BRYAN, MARK LADD, BILL
FAGERQUIST, ROBERT A. BABCOCK,
and HOLIDAY ISLES PROPERTY
MANAGEMENT, INC.,

        Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Defendants Les Chateaux Condominium Association, Inc., Judy Brady, Mark Ladd, Bill Fagerquist, Robert A. Babcock, Holiday Isles Property Management, Inc.'s Motion to Dismiss (Doc. # 11) and Defendant Charles Bryan's Motion to Dismiss (Doc. # 12). Plaintiff Phyllis J. Alley, filed her responses in opposition thereto. (Docs. # 18 & 19, respectively). Upon due consideration, the Court finds that the motions are due to be denied.

**I.	The Complaint**

Ms. Alley asserts that Defendants Les Chateaux Condominium Association, Inc., a Florida Corporation, the

individual members of the Board of Directors: Judy Brady, Mark Ladd, Bill Fagerquist, Robert A. Babcock, and Charles Bryan, in their official capacity, and Holiday Isles Property Management, Inc., the management company, collectively the Defendants, violated the Federal and Florida Fair Housing Acts and the Pinellas County Code by depriving Ms. Alley of her right to the reasonable accommodation of a golf cart.

Ms. Alley has suffered, and continues to suffer, from a paralyzed diaphragm and a thyroid disorder, for which she receives medical care. (Doc. # 1 at ¶ 6). These conditions impede her ability to walk significant distances without shortness of breath. (Id.). Ms. Alley qualifies for and uses a Disabled Parking Permit. (Id.). Additionally, diaphragm paralysis is a bona-fide disability within the intent and meaning of the Fair Housing Act, which substantially limits one or more of Ms. Alley's daily life activities. (Id. at ¶ 8).

When Ms. Alley was first diagnosed in Ohio, in 2003, she obtained a golf cart to increase her mobility. (Id. at ¶¶ 29, 30). Ms. Alley and her husband relocated to Florida at her doctor's recommendation, in February of 2004, after they purchased a condominium unit in Les Chateaux Condominiums. (Id. at ¶¶ 31-33). Les Chateaux Condominiums is a multi-acre

campus with facilities located at significant distances from each other and from Ms. Alley's condominium unit. (Id. at ¶ 28). As a requirement of purchasing the condominium, Ms. Alley had to undergo an interview with members of the Board of Directors of the Condominium Association. (Id. at ¶ 34). At the interview, the Board approved Ms. Alley's request to use a golf cart on the premises. (Id. at ¶ 29a[1]). The Board did ask that Ms. Alley obtain a doctor's note, which she timely provided. (Exhibit 1).

Ms. Alley used her golf cart at Les Chateaux Condominiums without complaint or incident until October, 2008, when she received a letter from the newly-elected President of the Board of Directors requesting updated medical documentation. (Exhibit 2). The letter threatened removal of the golf cart at Ms. Alley's expense if the requested medical report was not received by the Board within 30 days. (Doc. # 1 at ¶¶ 29a, 30a). Ms. Alley provided the Board with the medical report it requested, (Exhibit 3), despite the lack of rules prohibiting the use of a golf cart on the premises. (Doc. # 1 at ¶ 36).

---

[1] Plaintiff's Complaint includes duplicate paragraph numbers (i.e., two sequential paragraphs with the same number). This Court will refer to the first paragraph by its original number (e.g., 29) and the duplicate paragraph by its number and a letter (e.g., 29a).

Ms. Alley asserts that Defendants failed to respond to her request for the reasonable accommodation of a golf cart; therefore, effectively denying her request. (Id. at ¶¶ 38, 39). Ms. Alley further asserts that following the receipt of the demand for further medical documentation she became the victim of vituperation, harassment, and threats from the Defendants. (Id. at ¶ 35). According to Ms. Alley, the alleged harassment is evidenced by a letter sent to residents of Les Chateaux Condominiums on behalf of "Condo Helpers" criticizing, maligning, and slandering Ms. Alley and her husband. (Id. at ¶ 67). Ms. Alley claims that Defendants wrote the letter under the false name "Condo Helpers." (Id.).

On January 5, 2009, Ms. Alley filed a complaint with the Pinellas County Office of Human Rights, an agency charged with the power to investigate complaints of housing discrimination, alleging discrimination based on handicap or disability. (Id. at ¶ 40). On May 18, 2009, after an investigation, Pinellas County Office of Human Rights issued a Determination of Reasonable Cause and Charge of Discrimination against Defendants, alleging a violation of the Federal Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B) and § 70-180(c)(2) of the Pinellas County Code. (Exhibit 4). The Determination of Reasonable Cause further concludes that Ms. Alley suffers from

a disability as defined by the Federal Housing Act. (Id.).

Thus, on March 31, 2010, Ms. Alley filed a Complaint in this Court against Defendants. (Doc. # 1). The Complaint contains three counts as follows: (I) violation of the Florida and Federal Fair Housing Acts; (II) injunctive and declaratory relief for violation of the Florida and Federal Fair Housing Acts; and (III) retaliation under Fair Housing Acts.

Defendants filed the instant motions seeking to dismiss Ms. Alley's claims for failure to state a claim upon which relief may be granted. As the motions are identical for all intents and purposes, this Court will address them contemporaneously.

## II. Legal Standard – Motion to Dismiss under Rule 12(b)(6)

On a motion to dismiss under Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court

5

explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III. Analysis

"The Florida Fair Housing Act contains statutory provisions that are substantially identical to the federal Fair Housing Act." Hawn v. Shoreline Towers Phase 1 Condo. Ass'n, Inc., 347 Fed. Appx. 464, 467 (11th Cir. 2009)(citing Loren v. Sasser, 309 F.3d 1296, 1299 n.9 (11th Cir. 2002)). Accordingly, we apply the same analysis to Ms. Alley's claims under these two statutes.[2] Ms. Alley claims that Defendants violated § 3604(f)(3)(B) of the Fair Housing Act (FHA), which prohibits the denial of a reasonable accommodation that is

---

[2] This opinion will analyze Ms. Alley's claims in the context of the Federal Fair Housing Act's provisions, but the discussion applies equally to Ms. Alley's claim brought under the Florida analogue.

6

necessary to ensure an equal opportunity for a disabled person to use and enjoy his dwelling.

To prevail under 42 U.S.C. § 3604(f)(3)(B), Ms. Alley must establish that "(1) [s]he is disabled or handicapped within the meaning of the FHA, (2)[s]he requested a reasonable accommodation, (3) such accommodation was necessary to afford [her] an opportunity to use and enjoy [her] dwelling, and (4) the defendants refused to make the requested accommodation." Hawn, 347 Fed. Appx. at 467 (citing Schwarz v. City of Treasure Island, 544 F.3d 1201, 1218-19 (11th Cir. 2008)).

"An individual is handicapped, for the purposes of the Fair Housing Act, if [s]he has (a) 'a physical or mental impairment which substantially limits one or more of such person's major life activities,' (b) 'a record of such impairment,' or (c) is 'regarded as having such an impairment.'" Id. (citing 42 U.S.C. § 3602(h))

Defendants do not dispute that Ms. Alley is disabled in their Motions to Dismiss, and Ms. Alley sufficiently pled that she suffers from a paralyzed diaphragm and thyroid disorder, which substantially limits her ability to walk long distances.

Ms. Alley asserts that during her interview to determine her eligibility to purchase a condominium unit at Les Chateaux Condominiums, she requested permission to use a golf cart on

7

the premises. At the time, the Board of Directors approved her request. Years later, the present Defendants requested additional information from Ms. Alley and threatened to have her golf cart removed at her expense if she failed to provide the documentation within 30 days. Even after Ms. Alley provided the Board with additional medical documentation, the Board did not affirmatively approve her request for the reasonable accommodation of a golf cart.

Ms. Alley pled facts to support the claim that the golf cart was an accommodation necessary to afford her the opportunity to enjoy her dwelling. Ms. Alley claims that the golf cart enabled her to use the various facilities on Les Chateaux Condominium's multi-acre campus. In addition, Ms. Alley claims that her condominium unit at Les Chateaux Condominiums was her dwelling, as defined by the Fair Housing Act, and Defendants do not seem to dispute this allegation in their Motions to Dismiss.

Finally, Ms. Alley claims that her request for the reasonable accommodation of a golf cart was denied by the board. Ms. Alley was granted permission to use a golf cart when she purchased the condominium in 2004. She used the golf cart without complaint until 2008. In <u>Jacobs v. Concord Village Condo. X Ass'n, Inc.</u>, the Southern District of Florida

8

found that when defendant allowed plaintiff to use a ramp for 20 years and then refused to have it replaced when it was stolen, this fact supported plaintiff's contention that "the Defendant acted intentionally to preclude the ultimate enjoyment of her condominium in violation of the Fair Housing Act, 42 U.S.C. § 3604." Jacobs v. Concord Village Condo. X Ass'n, Inc., No. 04-60017CIVLENARD, 2004 WL 741384, at *3 (S.D. Fla. Feb. 17, 2004).

Here, the Board sent Ms. Alley a letter asking for additional medical documentation and threatening to remove the golf cart at Ms. Alley's expense. Ms. Alley asserts that after she provided the requested documentation to the Board, the Board did not discontinue threatening and harassing her; hence, effectively denying her request. For the purpose of these Motions to Dismiss, the Court agrees with Ms. Alley that Defendants effectively denied her request.

**A.   Counts I and II: Injunctive, Declaratory, and Monetary Relief**

Under 42 U.S.C. § 3613, an aggrieved person may bring a private cause of action in a federal district court within two years of the occurrence of an alleged discriminatory housing practice. 42 U.S.C. § 3613(a)(1)(A). Section 3613(c)(1) provides that "the court may award to the plaintiff actual and

9

punitive damages, and ... may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order." 42 U.S.C. § 3613(c)(1).

Ms. Alley requests preliminary and permanent injunctions requiring the Defendants to make reasonable accommodation for her disability by allowing her to use the golf cart, without threats or interference. To state a claim for a preliminary injunction, a plaintiff must show: "(1) a substantial likelihood of success on the merits; (2) that the plaintiff will suffer irreparable harm unless the injunction is issued; (3) that the threatened injury to the plaintiff outweighs the possible injury that the injunction may cause the defendant; and (4) that the injunction would not harm the public interest." Stassis v. Ocean Summit Ass'n, Inc., No. 08-60279-CIV, 2008 WL 1776988, at *3 (S.D. Fla. Apr. 17, 2008).

Ms. Alley clearly pled the substantial likelihood of success on the merits and the irreparable harm elements. (Doc. # 1 at ¶¶ 51, 53). Ms. Alley did not expressly assert that the threatened injury to herself outweighs the possible injury the injunction may cause the Defendants or that the injunction would not harm the public interest. Those elements, however, may be inferred from Ms. Alley's Complaint. Ms. Alley claims

10

that Les Chateaux Condominiums did not have a policy in place prohibiting the use of golf carts on the premises. Not allowing Ms. Alley to use a golf cart to enable her to enjoy the amenities on the premises would outweigh any potential injury to Defendants. Finally, it is apparent from the Complaint that there would be no harm to the public in allowing Ms. Alley to use her golf cart on Les Chateaux Condominiums' premises. To state a claim for a permanent injunction, a plaintiff must demonstrate "a clear legal right, the inadequacy of a remedy at law, and that an irreparable injury will occur if such relief is not granted." E. Fed. Corp. v. State Office Supply Co., Inc., 646 So. 2d 737, 741 (Fla. 1st DCA 1994). Ms. Alley successfully pled the elements for permanent injunctive relief in the Complaint. (Doc. # 1 ¶¶ 51, 52).

Ms. Alley further seeks declaratory relief pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, in the form of a declaration that she will be permitted to use her golf cart as a reasonable accommodation of her disability. Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such

11

declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

For the above reasons, this Court denies Defendants' Motions to Dismiss as to Counts I and II of Ms. Alley's Complaint.

**B.    Count III: Retaliation**

The Fair Housing Act states that "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, ... any right granted or protected by ... this title." 42 U.S.C. § 3617. "Very few courts have addressed the particulars of a § 3617 claim, and the law in this circuit is sparse." Simoes v. Wintermere Pointe Homeowners Assoc., Inc., No. 6:08-cv-01384-LSC, 2009 WL 2216781, at *6 (M.D. Fla. Jul. 22, 2009). "[I]t appears self-evident that a party cannot innocently and unintentionally 'coerce, intimidate, threaten, or interfere with' a person's enjoyment of the rights protected by sections 3603-3606." Id. The Eleventh Circuit's "brief analysis of a § 3617 claim" in Sofarelli v. Pinellas County, appears to confirm the requirement set forth by the Seventh Circuit that "a showing of intentional discrimination is an essential element of a § 3617 claim." Id.; Sofarelli v. Pinellas County, 931 F.2d 718

12

(11th Cir. 1991)(finding that plaintiff could state a claim under § 3617 after alleging that defendants threatened to break him in half, shouted obscenities, and hit his truck); East-Miller v. Lake County Highway Dep't, 421 F.3d 558, 563 (7th Cir. 2005).

"In order to state a cause of action for retaliation in violation of the Fair Housing Act, a plaintiff must allege (1) that he or she engaged in protected activity, (2) that he or she suffered adverse actions, and (3) that the adverse action was causally related to the protected activity." Housing Opportunities Project For Excellence, Inc. v. Key Colony No. 4 Condo. Ass'n, Inc., 510 F. Supp. 2d 1003, 1013 (S.D. Fla. 2007) (citing Shotz v. City of Plantation, Fla., 344 F.3d 1161 (11th Cir. 2003)).

Ms. Alley asserts that she engaged in a protected activity when she filed a complaint alleging a violation of the Fair Housing Act.  Ms. Alley is correct that filing a complaint for violation of the Fair Housing Act does constitute a protected activity. Housing Opportunity Project For Excellence, Inc., 510 F. Supp. 2d at 1013. Next, Ms. Alley claims that she suffered adverse reactions to filing a complaint when Defendants sent a letter, under the false name "Condo Helpers," to current residents of Les Chateaux

13

Condominiums, criticizing, maligning, and slandering Ms. Alley and her Husband. (Doc. # 1 at ¶ 67). Finally, Ms. Alley's complaint was specifically referenced in the letter.[3] (Exhibit 5).

Ms. Alley successfully pled the elements to state a cause of action for retaliation. Therefore, this Court denies Defendants' Motions to Dismiss as to Count III of Ms. Alley's Complaint.

## IV. CONCLUSION

The Court has reviewed the sufficiency of each count of the Complaint against the arguments in the Motions to Dismiss and determines that the counts as alleged are sufficient to survive the Motions to Dismiss.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Les Chateaux Condominium Association, Inc., Judy Brady, Mark Ladd, Bill Fagerquist, Robert A. Babcock, Holiday Isles Property

---

[3] The letter sent by "Condo Helpers" was allegedly postmarked sometime in February of 2010. Ms. Alley filed the Complaint in this case on March 31, 2010. However, Ms. Alley's complaint of housing discrimination with the Pinellas County Office of Human Rights was filed on January 5, 2009, a year prior to the letter being sent.

Management, Inc.'s Motion to Dismiss (Doc. # 11) is **DENIED**.

(2)   Defendant Charles Bryan's Motion to Dismiss (Doc. # 12) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u> day of November, 2010.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record